FILED - GR
July 22, 2026 12:53 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR   SCANNED BY: HR / 7.22

UNITED STATES OF AMERICA
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

V.

WILLIAM DAVID HICKS JR.,
                (movant)

Case No:24-00154

Honorable Robert Jonker

MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY
(28 U.S.C.§ 2255)

1:26-cv-02120-RJJ

PRELIMINARY STATEMENT

William David Hicks Jr. (movant), pro se, respectfully moves this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed in the above-captioned matter. This motion is timely filed and raises meritorious claims of ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Movant is currently incarcerated at a Federal Correctional Institution, serving the sentence imposed by this Court. His registration number is 40207-511.

STATEMENT OF FACTS

1. On June 12, 2025, Movant was sentenced by this Court to a term of imprisonment of 70 months after pleading guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The sentence was ordered to run consecutive to his undischarged state court sentence and any sentence imposed for his state parole violation.

2. The Presentence Investigation Report ("PSR") calculated Movant's base offense level and applied several enhancements.

1

Notably, the PSR included a six-point enhancement based on a prior conviction for armed robbery, classifying it as a "crime of violence."

3. The PSR also referenced an allegation of "felonious assault" involving Haley Twigg. This allegation was used by the government to argue for a guideline sentence and to contest any downward variance. Movant asserts that this allegation was false and that Ms. Twigg fabricated the story to protect her employment(teacher) and child custody.

4. Prior to sentencing, Movant specifically instructed his trial counsel to subpoena Ms. Twigg to testify under oath, which would have allowed for cross-examination to expose the falsity of her claims. Counsel refused to do so.

5. Movant also raised concerns to counsel and directly to the Court via a letter regarding the improper scoring of his prior armed robbery conviction. Despite Movant's protestations, trial counsel failed to formally object to or meaningfully argue against the six-point "crime of violence" enhancement.

6. The facts supporting Movant's claim of Ms. Twigg's false statements were not fully discoverable until recently, as evidenced by a sworn affidavit from William Hicks Sr.(attached as **Exhibit A**). This affidavit details conversations with Emily Boltz, who relayed that Ms. Twigg admitted to lying but feared recanting her story due to potential legal repercussions. This constitutes newly discovered evidence that could not have been presented on direct appeal.

7. Regarding the imposition of a consecutive sentence, Movant was in the custody of the Michigan Department of Corrections ("MDOC")

at the Jackson facility awaiting a parole violation hearing. Under MDOC policy and due process, this hearing was required to occur within 45 days of his state sentencing in Newaygo, Michigan (approximately October 8, 2024).

8. Before his 45-day period expired, the U.S. Marshals Service took custody of Movant on a Federal writ of habeas corpus ad prosequendum and transported him back to the Newaygo County Jail to face the instant federal charge.

9. This federal intervention was the sole reason Movant was unable to have his state parole violation hearing within the mandated time-frame. He remained in the physical custody of the U.S. Marshals from approximately October 21, 2024, until a couple weeks after his federal sentencing on June 12, 2025. After this, Movant had his parole violation hearing and was granted a parole on August 21, 2025.

10. At sentencing, trial counsel failed to argue that because federal custody prevented the state from conducting its parole hearing, principles of fundamental fairness and the sentencing factors under 18 U.S.C. § 3553(a) required the federal sentence to run concurrently with any forthcoming state parole violation sentence.

11. Movant's appellate counsel advised that claims of ineffective assistance of counsel and issues relying on new evidence (like the Hicks affidavit) could not be raised on direct appeal, as the appellate record is limited to facts and objections made in the trial court. Appellate counsel correctly instructed Movant that a § 2255 Motion was the proper vehicle for these claims.

12. The government caused an unreasonable delay in bringing movant (back) to Jackson Prison for his parole hearing, which prevented a timely resolution of his state case and precluded him from receiving proper credit for time served against his federal sentence.

13. The Court improperly imposed a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b) based on alleged felonious assault conduct that Movant did not commit. Movant is factually innocent of the alleged assault, and the enhancement therefore rests on a constitutionally impermissable basis.

14. In support of this claim, Movant has obtained a sworn affidavit from a witness to the underlying events/testimony, which exculpates Movant from any felonious assault conduct. This affidavit constitutes newly discovered evidence supporting Movant's claim of actual innocence as to the enhancement conduct. See Exhibit A.

15. The imposition of an additional 20+ Months of imprisonment based on a factually baseless enhancement(false information) constitutes a fundamental defect resulting in a complete miscarriage of justice. Movant swears under penalty of perjury that he did not threaten Ms. Twigg, or anyone, and she fabricated this entire thing to play the victim and avoid consequences. Movant asserts that he has always done right by Ms. Twigg, and these allegations shocked him. Mr. Hicks, it turns out, told the complete **truth** in his letter to the Court before sentencing, and contends that there were 13 lies in the police report which were perpetuated by the government, allowing the Court to labor under a **false narrative** of Mr. Hicks.

GROUNDS FOR RELIEF

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL (Failure to Investigate and Challenge Sentence Enhancements)

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a Movant must demonstrate that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Id. at 687.

A. Deficient Performance

Trial counsel's performance was constitutionally deficient in two critical ways.

First, counsel failed to conduct a reasonable investigation by refusing to subpoena and cross-examine a key witness, Haley Twigg. Movant explicitly requested that counsel compel Ms. Twigg's testimony to challenge the government's "felonious assault" enhancement narrative. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691.

Refusing a client's direct request to challenge a damaging factual allegation by subpoenaing the sole accuser is not a reasonable strategic decision; it is a failure to investigate. Due diligence would have exposed Ms. Twigg's motivation to lie, as is now corroborated by the affidavit of William Hicks Sr.

Second, counsel failed to formally object to and argue against the six-point enhancement for a prior "crime of violence." Movant contested this enhancement himself in a letter to the court, putting counsel on notice of the disputed issue. Counsel's failure to raise a formal, researched objection to a significant six-level guideline

5

increase, especially when the definition of "crime of violence" has been the subject of extensive litigation, falls below the objective standard of reasonableness required of a defense attorney. Movant had a serious closed head injury during this crime and was just released from a medically induced coma, which he explained in his letter at sentencing.

B. Prejudice

Counsel's errors resulted in clear prejudice.

The failure to properly challenge Ms. Twigg's allegations allowed the government and the Court to rely on false information at sentencing, which undoubtedly influenced the Court's decision to impose a sentence with an enhancement of "felonious assault" and deny a downward variance. Had counsel exposed Ms. Twigg's falsehoods through cross-examination, there is a reasonable probability that the Court would have viewed the circumstances of the offense more favorably, leading to a lower sentence. Had counsel subpoenaed Ms. Twigg, she would have been forced to either commit perjury under oath or recant her false statements. The truth regarding the incident has since been discovered through the due diligence of Mr. Hicks's family. As detailed in the attached affidavit of William Hicks Sr. (Exhibit A), Ms. Twigg has admitted to others that she lied and feels guilty, but is afraid to come forward due to possible legal repercussions. Had counsel simply fulfilled his duty to investigate and challenge the government's claims by putting Ms. Twigg on the stand, there is a reasonable probability that her false statements would have been exposed and the "felonious assault" enhancement would not have been applied. This would have resulted in a lower guideline range and,

6

consequently, a shorter sentence. Mr. Hicks maintained then, as he does now, that he never threatened Ms. Twigg (or anyone) and that her statements were false, made to protect her job and custody of her child. It is very unfortunate that she went to this extreme in fabricating her story. After nearly two years, the **truth** has finally come out of her.

Secondly, Counsel was ineffective for failing to formally object to the guideline scoring of the prior armed robbery conviction. Despite Movant raising a colorable legal objection, trial counsel failed to research, file a formal written objection to, or meaningfully argue against this critical guideline calculation at the sentencing hearing. A competent attorney would have challenged the use of this conviction for a six-point enhancement, especially since Movant had a severe closed head injury at that time.

The Sixth Amendment was violated because Counsel's failure to object to the six-point enhancement directly impacted the sentencing guideline calculation. This error resulted in a higher guideline range and prejudiced Mr. Hicks, leading to a sentence of 70 Months imprisonment. Had Counsel successfully objected, the guideline range would have been significantly lower, and there is a reasonable probability that the Court would have imposed a shorter sentence. This failure undermines the confidence in the outcome of the sentencing proceeding.

GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL (Failure to Argue for Concurrent Sentencing)

Trial counsel rendered ineffective assistance by failing to properly argue for a sentence to be served concurrently with Mr. Hicks's state parole violation term, based on a violation of his due process rights. The decision to impose a concurrent or consecutive sentence is governed by 18 U.S.C. § 3584 and the factors in U.S.S.G. § 5G1.3. Counsel's role is to present all relevant facts and arguments favoring the client's position.

A. Deficient Performance

Here, counsel failed to raise the crucial and dispositive fact that federal custody, effectuated via a writ, was the sole impediment to Movant resolving his state parole violation.

The government argued for a consecutive sentence to protect the state's interest in vindicating it's parole system.

Counsel had a powerful counter-argument: the federal government itself had frustrated that very interest by removing Movant from state custody. Failing to leverage this due process related argument- that the federal government should not benefit from a delay it created-constitutes deficient performance. It was not a strategic choice but an oversight that left the government's argument entirely unrebutted. A reasonably competant attorney would have argued that because the federal government's actions prevented the state from adjudicating it's parole violation in a timely manner, the federal sentenceshould run concurrently with any subsequent state sentence. This issue was not on the record for appeal because trial counsel failed to raise it.

8

B. Prejudice

There is a reasonable probability that, but for counsel's failure to raise this due process argument, the Court would have imposed a concurrent sentence. The argument that federal custody directly prevented the state from timely resolving its case is a powerful mitigating factor under 18 U.S.C. § 3553(a). Had the Court been made aware that the only reason for the delay in the state parole proceedings was the federal writ, it is reasonably probable it would have exercised its discretion under 18 U.S.C. § 3584 to impose a concurrent sentence to avoid punishing Mr. Hicks for a delay he did not cause and to remedy the fundamental unfairness of the situation. The result--a consecutive 70 month sentence-- is a clear source of prejudice that undermines confidence in the outcome.

Had the government returned Mr. Hicks to state custody after his arraignment and bond hearing, he could have had his parole violation hearing. But instead, he was held in the Newaygo Jail for over 9 Months, time which he was not credited toward his federal sentence. After sentencing, June 12, 2025, Movant remained in Newaygo Jail until approx. June 21, when he was transferred back to State custody. Movant was immediately brought to a hearing where he received a parole. Movant was released on Parole on August 21, 2025, and the U.S. Marshals service picked him up from state prison to bring him back to Newaygo Jail at that time. Mr. Hicks could have been adjudicated on his parole violation 9 months sooner, but federal custody prevented that. Accordingly, the federal sentence should be ran concurrent with the state parole violation.

9

There is a reasonable probability that the outcome of the sentencing hearing would have been different without the falsehoods. The 4-level enhancement would not be applied, the six-point enhancement would have been given a closer look, and Movant would have received credit for the time he was taken out of state custody. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id. Claims of ineffective assistance of counsel are properly raised in a § 2255 motion rather than on direct appeal when they require consideration of facts outside the original record. See Massaro v. United States, 538 U.S. 500, 504-05 (2003).

Although Mr. Hicks refuted the allegation of felonious assault and told the truth about everything at sentencing, the Court stated that he was "lying and blame shifting" because of the false narrative that was told about the situation. Movant was sentenced under this false narrative and asserts that, at the time of his arrest, he was actually doing better than he had ever done in his life before, and that he was responsible. Movant feels he was looked at as being guilty of whatever was said, without question or doubt, simply because he was on parole at the time. Movant asserts that nearly everything the prosecutor stated about the instant offense actually wasn't true, and he is extremely grateful the truth has finally shown itself in this case.

It is, however, very unfortunate that all of this has taken place. The extent of the falsehoods is extreme, and Movant is at a loss for words when trying to find a reason <u>why</u>. This has been a miscarraige of justice, which has caused severe physical injury and mental injury to Mr. Hicks. He is looking forward to putting this experience behind him.

## TIMELINESS OF MOTION

This motion is timely filed under 28 U.S.C. § 2255(f). The judgement of conviction was entered on June 12, 2025. This motion is filed within one year of the date on which the judgement became final in the Court of Appeals under § 2255(f)(1).

Furthermore, and in the alternative, this motion is timely under § 2255(f)(4) as it is filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due dilligence." The facts contained within the affidavit of William Hicks Sr. regarding Haley Twigg's admission of falsehood were only recently discovered and could not have been known earlier, triggering a new one-year period for the claims related thereto. Therefore, this motion is timely.

## REQUEST FOR RELIEF

WHEREFORE, Movant William D. Hicks Jr. respectfully requests that this Honorable Court:

1. Grant this Motion to Vacate, Set Aside, or Correct Sentence;

2. Order an evidentiary hearing to resolve the factual issues presented herein;

3. Appoint Counsel to represent Mr. Hicks in these proceedings;

4. Vacate his current sentence and order a resentencing at which Movant is sentenced without the four-level enhancement for felonious assault;

5. Adjust the sentence to account for all time served when Movant was removed from state custody(on a writ).

6. Grant further relief as this Court deems just and proper.

11

Very Respectfully Submitted,

*William D. Hicks Jr.*
_____

William D. Hicks Jr. Pro Se
FCI Petersburg
P.O. Box 1000
Petersburg, VA 23804

Dated: July 09, 2026

Reg. No. 40207-511

----------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY

I, William D. Hicks Jr., declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: July 09, 2026

*William D. Hicks Jr.*
_____

William D. Hicks Jr.

----------------------------------------------------------------------------

## CERTIFICATE OF FIRST § 2255 MOTION

I, William D. Hicks Jr., hereby certify that this is the first motion under 28 U.S.C. § 2255 that I have filed challenging the conviction and sentence in Case No. 24-00154.

*William D. Hicks Jr.*
_____

William D. Hicks Jr.

----------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I, William D. Hicks Jr., hereby certify that on this 09 day of July, 2026, I served a true and correct copy of the foregoing Motion to Vacate, Set Aside, or Correct Sentence by placing it in the institution's mailing system, postage prepaid, addressed to:

United States Attorney's Office
Western District of Michigan
330 Ionia Ave. S.W. SUITE 200
Grand Rapids, Michigan 49503

*William D. Hicks Jr.*
_____

William D. Hicks Jr.

William David Hicks Jr.
40207-511
FCI Petersburg
P.O. Box 1000
Petersburg, VA 23804




LEGAL MAIL

⇔40207-511⇔
Susan Geysbeek
3232 31ST ST SW
Grandville, MI 49418
United States